10-0537-ag
Jian Zhao Lin v. Holder

BIA
Van Wyke, IJ
A098 715 440

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand ten.

PRESENT:   PIERRE N. LEVAL,
            GUIDO CALABRESI,
            GERARD E. LYNCH,
                        *Circuit Judges.*

-------------------------------------------------------------------
JIAN ZHAO LIN,
                                    *Petitioner*,
                    v.                                      No. 10-537-ag

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
                                    *Respondent.*
-------------------------------------------------------------------

FOR PETITIONER:             GARY J. YERMAN, New York, New York.


FOR RESPONDENT:             JESSICA R.C. MALLOY, Trial Attorney (Paul Fiorino, Senior Litigation Counsel, Karen L. Melnik, Trial Attorney, Office of Immigration Litigation, *on brief*) *for* Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Zhao Lin, a native and citizen of the People's Republic of China, was initially granted asylum by Immigration Judge ("IJ") William Van Wyke. The Board of Immigration Appeals ("BIA") reversed. Lin now asks us to vacate that decision, alleging error in the BIA's review of the IJ. We assume the parties' familiarity with the relevant facts and law.

In these circumstances, we review the BIA's decision rather than the IJ's. See Ming Xia Chen v. Bd. of Immigration Appeals, 435 F.3d 141, 144 (2d Cir. 2006). We examine findings of fact for substantial evidence, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. 1252(b)(4)(B). We review *de novo* questions of law and the application of law to fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Lin argues that the BIA gave only lip service to its rule requiring clear-error review of facts, see 8 C.F.R. § 1003.1(d)(3)(I), while actually reviewing the IJ's factual findings *de novo*. Lin's appeal raises interesting questions that we need not answer here, because we agree with the BIA that, in Lin's case, insufficient evidence supported the IJ's finding – whether considered factual or legal – that Lin had a well-founded fear of persecution.

As the BIA noted, Lin's claim of a well-founded fear of persecution was predicated "on a series of speculative events." The IJ determined that Lin could face persecution if Chinese authorities (1) detain him upon entry, (2) discover his background and family, (3)

2

elicit his opposition to the policies of China through interrogation, and (4) subject him to prolonged detention and physical abuse. The BIA, without disputing that such a chain of events might be possible, found the possibility too remote to suffice without more specific evidence. We agree. Indeed, we have similarly rejected a fear of persecution that is "speculative at best" as grounds for asylum. Jian Xing Huang v. U.S. Immigration & Naturalization Serv., 421 F.3d 125, 129 (2d Cir. 2005).

We also agree with the BIA that the one piece of specific, concrete evidence that Lin offered to show the possibility of his persecution cannot support the weight he places on it. Lin testified that his brother was detained for one week after returning to China from Thailand, and was beaten during his detention. The BIA correctly concluded that this testimony – which included no account of who beat the brother and why – does not provide "sufficient detail to determine the circumstances of [Lin's] brother's return . . . and whether [the brother] was similarly situated to [Lin]." Such testimony "would not be probative even if believed because [Lin] omitted any evidence that might bear on whether [Lin] might be in similar circumstances" to the brother. Id.; see also Marta Brigida Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d. Cir. 1999) (upholding rejection of asylum claim where petitioner presented no direct evidence of the circumstances surrounding uncle's death). We therefore find that, whatever standard of review the BIA did apply or should have applied, its decision to reverse the IJ was correct.

For essentially the same reasons, we also hold that substantial evidence supports the BIA's finding that Lin is not eligible for asylum.

3

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Lin's pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court